AFFIRMED in part and VACATED in part. No costs allowed.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willis Tommie HALL, Defendant–Appellant.**

**No. 98–30118.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1999.

Filed June 21, 1999.

---

Wendy Holton, Helena, Montana, for the defendant-appellant.

James E. Seykora, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

Before: FLETCHER, REINHARDT, and THOMAS, Circuit Judges.

FLETCHER, Circuit Judge:

On December 16, 1996, Appellant Willis Tommie Hall was arraigned on a three-count indictment alleging various offenses relating to the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(d)(1), & 846. Hall's trial began on October 6, 1997, 293 days after his arraignment. He was convicted and sentenced to 135 months in prison. Hall appeals from his conviction and sentence, claiming, *inter alia,* that the delay between arraignment and trial violated his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161–74. We have jurisdiction

under 28 U.S.C. § 1291. We reverse Hall's conviction and vacate his sentence.

I.

On October 18, 1996, Hall and his codefendant Tawni Nelson were charged together in a three-count indictment. Hall and Nelson were arraigned as codefendants on December 16, 1996. On December 30, 1996, the district court scheduled trial to begin on February 18, 1997. Over the course of the next several months, the district court issued a total of five continuances postponing the trial:

1. On February 18, 1997, the court granted a continuance at the request of Hall's counsel, and rescheduled the trial for April 7, 1997. The court granted the continuance to give Hall's counsel "adequate opportunity to investigate and prepare this matter for trial."

2. On March 28, 1997, in light of pending pretrial motions, the court sua sponte rescheduled the trial for April 21, 1997.

3. On April 4, 1997, the court granted codefendant Nelson's motion for a continuance on the grounds that she was scheduled to undergo surgery and would be physically unable to stand trial on April 21. Finding that a continuance served the "ends of justice," the court rescheduled trial for July 21, 1997.

4. On June 16, 1997, the court granted Nelson's second request for a continuance on the grounds that her new counsel (who had begun work on her case on May 7, 1997) required more time to prepare the case. Again finding that a continuance served the "ends of justice," the court rescheduled trial for August 11, 1997.

5. On July 10, 1997, the court granted Nelson's third request for a continuance on the grounds that her new counsel needed still more time to prepare. Again finding that a continuance served the "ends of justice," the

court rescheduled trial for October 6, 1997.

Each time it granted a continuance, the district court identified a provision of the Speedy Trial Act under which the delay was excludable from the 70 days permitted by the Act between arraignment and trial. The district court also included both codefendants in each continuance, citing 18 U.S.C. § 3161(h)(7). On February 26, 1997, shortly after the district court granted the first continuance at the request of Hall's counsel, Hall filed a pro se motion for substitution of counsel. Hall claimed that counsel's request for a continuance ignored Hall's specific instructions to assert his right to a speedy trial. Hall repeated that allegation in an "Objection to Counsel's Waiver of Defendant's Rights under the Speedy Trial Act," which he filed on March 12, 1997. In that filing, Hall stated that his counsel's motion for a continuance "was made over the oral and written objections of the defendant." The district court held a hearing on Hall's motion for substitution on March 20, 1997, and denied the motion orally at the conclusion of the hearing. The court did not address Hall's assertion of his rights under the Speedy Trial Act.

Hall's counsel did not object to any of the continuances granted by the district court over the next several months. However, on September 29, 1997, Hall himself again asserted his right to a speedy trial, this time by filing a pro se motion to dismiss for violation of the Speedy Trial Act. The motion stated that "[n]otwithstanding the actions of appointed counsel, defendant has never waived or given up any of the rights to a Speedy Trial...." Hall claimed that he had objected to every continuance granted by the district court, and that "Defense Counsel, the Court, and the United States Attorney had received actual knowledge" of his objection to the continuances by way of his submissions to the court in February and March. The district court took no action on Hall's motion.

On October 1, 1997, five days before trial was to begin, Nelson entered into a plea agreement with the government, pursuant to which she agreed to testify against Hall in return for being allowed to plead guilty to the third count of the indictment. This plea agreement was the product of several months' negotiations, as evidenced by a statement in Nelson's June 11 continuance motion that "[t]he parties are engaged in plea negotiations which may or may not be fruitful, but additional time is needed to complete those negotiations."

On October 6, 1997, 293 days after his arraignment, Hall's trial began.

## II.

■ The Speedy Trial Act, 18 U.S.C. §§ 3161–74, requires that a defendant be tried within 70 days of his first appearance in court. See id. at § 3161(c)(1). The Act contains certain exclusions that toll the running of the 70 days. See id. at § 3161(h). "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." Id. at § 3162(a)(2). "Failure of the defendant to move for dismissal prior to trial," however, "shall constitute a waiver of the right to dismissal." Id. Thus, the first issue here is whether Hall competently and timely challenged the pretrial delay so as to preserve his right of dismissal under the Speedy Trial Act.

■ Hall's counsel failed to move for dismissal under § 3162(a)(2). This failure is not, however, dispositive of the issue. In United States v. Lloyd, 125 F.3d 1263, (9th Cir.1997), we treated a defendant's own pretrial assertions of his speedy trial rights as adequate to preserve those rights on appeal, even though the defendant was represented by counsel who failed to raise the issue. Thus, under Lloyd, where defense counsel does not assert his client's right to a speedy trial, a defendant may

alert the court directly of his desire not to waive those rights. *See id.* at 1267–71. In this case, there can be no doubt that Hall alerted the district court to his desire to have his speedy trial rights honored. Hall asserted those rights on at least three separate occasions. On February 26, 1997, Hall moved for substitution of counsel, claiming defense counsel's earlier request for a continuance had "disregarded [Hall's] specific instructions regarding the speedy trial concerns." Next, on March 12, 1997, Hall filed a written objection to any waiver of his speedy trial rights, emphasizing his wish to assert those rights despite defense counsel's failure to do so. Finally, on September 29, 1997, Hall filed a motion to dismiss for violation of his speedy trial rights. The motion stated that all continuances had been granted over Hall's objections, and that defense counsel, the government, and the court knew of those objections at the time the continuances were granted. Thus, we hold that Hall did adequately assert his rights under the Speedy Trial Act.

■ We also hold that Hall's September 29, 1997 motion to dismiss preserved his Speedy Trial Act objection to the entire pretrial delay, up to the commencement of his trial on October 6, 1997. As a general rule, a motion to dismiss for violation of the Speedy Trial Act does not, in the absence of a further motion, preserve an objection to subsequent periods of delay that occur following the denial of the motion. *See United States v. Wirsing,* 867 F.2d 1227, 1230 (9th Cir.1989); *United States v. Berberian,* 851 F.2d 236, 239–40 (9th Cir.1988). By the same token, and

especially where the motion to dismiss is filed by a defendant acting *in propria persona,* we find it reasonable to deem the motion continuing until it is denied, thus preserving an objection to the delay up until that time. In this case, the district court never ruled on Hall's September 29 motion to dismiss. Thus, the motion remained live when trial commenced on October 6, preserving for appeal Hall's Speedy Trial Act challenge to the entire pretrial delay.[1]

### III.

Having found that Hall timely and competently asserted his right to a speedy trial, we turn now to the merits of his claim. Hall contends that more than 70 of the 293 days between his arraignment and trial should be included in Speedy Trial Act calculations, and that the indictment against him should therefore be dismissed. It is uncontested that the period between Hall's arraignment on December 16, 1996 and the filing of his counsel's continuance motion on February 14, 1997—an interval of 60 days—is includable in Speedy Trial Act calculations.[2] The question, then, is whether more than 10 of the next 233 days are also includable.

■ We review questions of law under the Speedy Trial Act de novo. *See United States v. George,* 85 F.3d 1433, 1436 (9th Cir.1996). In so doing, we note, as did the House Judiciary Committee in its Report recommending passage of the Speedy Trial Act, that "the right to a speedy trial belongs not only to the defen-

---

1. That a motion to dismiss may preserve an objection to the pretrial delay up until the motion is denied has no bearing on whether the time prior to the denial is actually excludable from Speedy Trial Act calculations. Such time may or may not be excludable. On the one hand, delay from the filing of a pretrial motion until its "prompt disposition," by hearing or otherwise, is generally excludable. *See* 18 U.S.C. § 3161(h)(1)(F). On the other hand, a district court may not simply ignore a motion for a speedy trial and thereby render excludable all subsequent periods of delay.

*See United States v. Clymer,* 25 F.3d 824, 830 (9th Cir.1994).

2. Hall states in his briefs that he was arraigned on December 18, 1996, and that defense counsel's continuance motion was filed on February 4, 1997. The docket sheet and the district court clerk's record show the correct dates to be December 16 and February 14, respectively. We construe Hall's arguments with reference to this second set of dates.

dant, but to society as well." H.R. Rep. 93–1508, at 15 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7401, 7408. Indeed, "Congress designed the Speedy Trial Act in part to protect the public's interest in the speedy administration of justice, and it imposed the sanction of dismissal under § 3162 to compel courts and prosecutors to work in furtherance of that goal." *Lloyd,* 125 F.3d at 1268. Accordingly, regardless of the willingness of counsel to accept pretrial delay, the Speedy Trial Act assigns district courts an independent responsibility to protect both the defendant's and the public's strong interest in the timely administration of justice.

■ Hall focuses his challenge on the two continuances moving trial from July 21 to August 11, and from August 11 to October 6. Those two continuances delayed the trial for a total of 77 days. Counsel for Nelson sought the continuances on the grounds that additional time was needed for "effective preparation." The district court granted both continuances, stating that "the ends of justice served by granting a continuance outweigh the best interests which the public and the defendants have in a speedy trial." The court also cited 18 U.S.C. § 3161(h)(7) as the basis for applying each continuance not just to Nelson, but to Hall as well. We assume, *arguendo,* that the continuances were properly granted as to Nelson. The issue, then, is whether the district court properly carried Hall along in the continuances.

Under 18 U.S.C. § 3161(h)(7), "[a] reasonable period of delay [is excludable] when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Excludability under this section is not automatic; the period of delay must be "reasonable." *See Henderson v. United States,* 476 U.S. 321, 326–27, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986) (citing § 3161(h)(7) as evidence that "Congress clearly knew how to limit an exclusion" to reasonableness); *United States v. Butz,* 982 F.2d at 1381–82; *Unit-*

ed States v. Franklin, 148 F.3d 451, 456–57 (5th Cir.1998); *United States v. Monroe,* 833 F.2d 95, 100 (6th Cir.1987); *United States v. Theron,* 782 F.2d 1510, 1514 (10th Cir.1986); *United States v. Darby,* 744 F.2d 1508, 1518–19 (11th Cir.1984); *United States v. Novak,* 715 F.2d 810, 814–15 (3d Cir.1983).

We have not previously determined the test for reasonableness under § 3161(h)(7). The most common approach among the other circuits is to "gauge the reasonableness of delay on a case by case basis, given the fact-bound nature of the inquiry." *Franklin,* 148 F.3d at 457; *see Theron,* 782 F.2d at 1514 ("In determining reasonableness of the period excluded, all relevant circumstances must be considered."); *Darby,* 744 F.2d at 1518–19 (applying three different tests, each looking to different aspects of the specific case, to determine reasonableness); *United States v. Dennis,* 737 F.2d 617, 621 (7th Cir.1984) (stating that "whether delay [is] reasonable will depend on the facts of each case"). In undertaking such analyses, courts look particularly to "whether the delay was necessary to achieve its purpose" and to whether there was any "actual prejudice suffered by the appellant." *Franklin,* 148 F.3d at 457 (internal quotations omitted). Applying that analytical framework here, we find that the 77–day delay from July 21 to October 6 was unreasonable. The general purpose of § 3161(h)(7) is to facilitate the efficient use of judicial resources by enabling joint trials where appropriate. *See* S. Rep. 38 (1974), *reprinted in* ANTHONY PARTRIDGE, LEGISLATIVE HISTORY OF TITLE I OF THE SPEEDY TRIAL ACT OF 1974, 135 (1980). In this case, however, a primary purpose of the continuances was to enable Nelson to pursue plea negotiations with the government. In her June 11 continuance motion, Nelson stated that a continuance was necessary in part because "[t]he parties are engaged in plea negotiations which may or may not be fruitful, but additional time is needed to complete those negotiations." Thus, unlike other cases

where carrying along a codefendant is "necessary to insure a joint trial," *Monroe*, 833 F.2d at 100, here an underlying aim was to *eliminate* the need for a joint trial by achieving a plea agreement between Nelson and the government. It was neither necessary nor reasonable to delay Hall's trial for that purpose.

Moreover, the delay from July 21 to October 6 prejudiced Hall's defense. *See Franklin*, 148 F.3d at 457. Throughout the pretrial delay, Hall was scheduled to be tried together with Nelson. Five days before the trial was to begin, however, Nelson reached a plea agreement with the government whereby she agreed to testify against Hall. Thus, in being carried along in Nelson's continuances, Hall was effectively prevented from going to trial until the government had secured Nelson as a witness against him. Seen in this light, the delay prejudiced Hall in the sense that it "impaired [his] defense at trial." *Darby*, 744 F.2d at 1519.

Our analysis of prejudice is informed also by the fact that in an earlier motion for continuance in April, 1997, Nelson suggested that the district court sever her trial from Hall's in order to preserve Hall's speedy trial rights. *See Franklin*, 148 F.3d at 457 (finding a suggestion of severance relevant to the prejudice analysis). Thus, months before it delayed the trial from July 21 to October 6, the district court had been made aware both that Hall wished to assert his right to a speedy trial and that Nelson favored severing the trials in order to respect that right. The court had a responsibility to determine the reasonableness of carrying Hall along in Nelson's continuances in light of Hall's repeated objections to the continuances, Nelson's suggestion of severance, and the risk of prejudice to Hall. The court did not meet that responsibility.

We therefore hold that it was not reasonable for Hall to be carried along in the two continuances delaying the trial from July 21 to October 6. The district court should have severed Hall's and Nelson's trials rather than delaying Hall's trial so that Nelson could continue her plea negotiations with the government. The interval between July 21 and October 6 is 77 days. When added to the 60 non-excludable days from December 16 to February 14, the sum well exceeds the 70 non-excludable days permitted under the Speedy Trial Act.[3] Accordingly, we find that Hall's right to a speedy trial was violated.[4]

### IV.

Because Hall's right to a speedy trial was violated, the indictment against him must be dismissed. *See* 18 U.S.C. § 3162(a)(2). Whether Hall may be reindicted depends on whether the dismissal is with or without prejudice. "[O]ur usual practice is to remand to allow the district court to decide in the first instance the type of dismissal that is appropriate." *Lloyd*, 125 F.3d at 1271; *see Jordan*, 915 F.2d at 566. We adhere to our usual practice here, and remand for the district court to determine whether dismissal should be with or without prejudice, taking into account the factors set forth in § 3162(a)(2).

### V.

For the foregoing reasons, we reverse Hall's conviction, vacate his sen-

---

3. The government directs our attention to an original petition for habeas corpus filed with this court by Hall in July, 1997. On August 28, 1997, a panel of this court denied the petition, treating it as a petition for writ of mandamus. The government contends that Hall's petition was an interlocutory appeal, and that the period of its pendency was excludable under § 3161(h)(1)(E). We need not resolve that issue, however, for even if the government is correct, the 39 days between August 28 and October 6 bring the total number of includable days to 99, well in excess of the 70 permitted by the Speedy Trial Act.

4. Having found that Hall's speedy trial rights were violated with reference only to the last two continuances granted by the district court, we need not inquire into the excludability of the delays caused by the earlier three continuances.

tence, and remand for the district court to determine whether the indictment should be dismissed with or without prejudice. Having so held, we need not reach Hall's other arguments on appeal. Because of the possibility of retrial, however, we make two observations regarding those arguments. First, in ruling on a pretrial suppression motion, a district court may not rely on evidence adduced during other hearings in other cases, in which the defendant did not participate. Second, where the defendant does not raise an objection under 18 U.S.C. § 201(c)(2) at trial, it is not plain error for the district court to admit testimony procured by the government in arguable violation of that section. *See United States v. Flores*, 172 F.3d 695, 699–700 (9th Cir.1999).

REVERSED and REMANDED.