**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alejandro RODRIGUEZ–LOPEZ,**
**Defendant–Appellant.**

**No. 00–30304.**

**D.C. No. CR–99–00090–1–JSR.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 10, 2001.[*]

Decided July 13, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

Before ALARCÓN, FERNANDEZ, and TASHIMA, Circuit Judges.

MEMORANDUM ***

Defendant Alejandro Rodriguez–Lopez was convicted of conspiracy to possess methamphetamine with intent to distribute, and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 846. The district court sentenced Rodriguez–Lopez to 135 months incarceration, to be followed by 4 years of supervised release. Rodriguez–Lopez contends that the district court erred in denying his motion to dismiss the indictment on the ground that his right to a speedy trial was violated by delays in bringing his case to trial. He also argues that the evidence was insufficient to support the jury's verdict. Finally, he claims that his sentence violates the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or, alternately, that the district court clearly erred in finding that he was responsible for 350 to 500 grams of methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

Rodriguez–Lopez contends that both the Speedy Trial Act, 18 U.S.C. § 3161, and his Sixth Amendment right to a speedy trial were violated because his trial did not begin until 117 days after his arraignment. He argues that the district court erred in denying his motion to dismiss the indictment on these grounds. We review the district court's application of the Speedy Trial Act de novo, and we review its factual findings for clear error. *United States v. Messer,* 197 F.3d 330, 336 (9th Cir.1999). "The Speedy Trial Act requires that a defendant's trial commence within 70 days of the later of the filing of an indictment or the defendant's first appearance before the court in which charges are pending." *Id.* "This rule is tempered by the Speedy Trial Act's exclusion of certain periods of time from the 70–day calculation." *Id.* "It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all code-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

fendants." *Id.* The attribution of delay due to a codefendant is limited, however, by the requirement that the resulting delay must be reasonable. *Id.*

▇ Rodriguez–Lopez was arraigned on February 8, 2000, and he concedes that the 70–day clock started on that day. Rodriguez–Lopez filed a motion to sever on February 28, 2000. The Government agrees that this motion became moot on March 20, 2000. The 20 days between February 28 and March 20 are therefore excluded pursuant to 18 U.S.C. § 3161(h)(1)(F).

▇ On March 30, 2000, the district court entered an order continuing Rodriguez–Lopez's trial from April 3, 2000 until May 22, 2000. The court found that this continuance was necessary in light of the superseding indictment filed on March 20, 2000, which added two counts charging codefendant Smith with distribution of methamphetamine. The district court found that the time between April 3 to May 22, 2000 was excludable under 18 U.S.C. § 3161(h)(8)(A). Because this delay was attributable to Rodriguez–Lopez's codefendants, we must determine whether it was excludable under § 3161(h)(7). *Messer,* 197 F.3d at 336.

▇ Rodriguez–Lopez contends that the district court clearly erred in finding that the time between April 3 to May 22, 2000 was excludable because the delay was not a "reasonable period" under § 3161(h)(7). We disagree. In determining whether a delay was reasonable, "courts look particularly to 'whether the delay was necessary to achieve its purpose' and to whether there was any 'actual prejudice suffered by the appellant.'" *Messer,* 197 F.3d at 337 (quoting *United States v. Hall,* 181 F.3d 1057, 1062 (9th Cir.1999) (internal quotation omitted)). As a preliminary matter, Rodriguez–Lopez has failed to show that the delay was unnecessary to achieve § 3161(h)(7)'s purpose of effectuating joint trials. *See Hall,* 181 F.3d at 1062 ("The general purpose of § 3161(h)(7) is to facilitate the efficient use of judicial resources by enabling joint trials where appropriate.")

Rodriguez–Lopez has also failed to demonstrate that he was actually prejudiced by the delay. Rodriguez–Lopez argues that he suffered prejudice because the superceding indictment mooted his motion to sever by removing any impediment to calling codefendant Smith as a witness. However, because the superceding indictment achieved the result sought by Rodriguez–Lopez's motion, he has failed to show prejudice. Rodriguez–Lopez also contends that he suffered prejudice because he was incarcerated during the delay, and the delay gave the Government more time to prepare its case. Based on the totality of the circumstances, we conclude that Rodriguez–Lopez has failed to demonstrate that the 117 days between his arraignment and trial caused him to suffer actual prejudice, particularly because at least 20 of those days were attributable to his own motions. *See Messer,* 197 F.3d at 338 (noting that "proper test is whether the totality of the circumstances warrants a conclusion that the delay was unreasonable."). Accordingly, we reject Rodriguez–Lopez's Speedy Trial Act claim.

## II

▇ We review *de novo* the district court's denial of a motion to dismiss based upon the Sixth Amendment right to a speedy trial. *United States v. Beamon,* 992 F.2d 1009, 1012 (9th Cir.1993). The length of the delay in bringing a defendant to trial is a threshold factor to our consideration of a Sixth Amendment claim. *United States v. Valentine,* 783 F.2d 1413, 1417 (9th Cir.1986). We have found that a six-month delay is a "borderline case," but is sufficient to trigger further inquiry. *Id.*

Rodriguez–Lopez was brought to trial in less than four months. He has failed to demonstrate a denial of his right to a speedy trial.

### III

■ Rodriguez–Lopez also contends that the Government violated his constitutional right to due process by filing the superceding indictment, because "there can be no other credible explanation [for filing the superceding indictment] than a subterfuge around the 70 day requirement imposed by the Speedy Trial Act[.]" Rodriguez–Lopez forfeited this claim by failing to raise it before the district court, and thus we review only for plain error. *United States v. Burt,* 143 F.3d 1215, 1217–18 (9th Cir.1998). He cites no evidence in the record supporting his assertion that the Government filed the superceding indictment either to delay his trial or to circumvent his motion to sever. Rodriguez–Lopez has failed to demonstrate plain error.

### IV

■ Rodriguez–Lopez also contends that the district court erred in denying his motion for judgment of acquittal. "We review the sufficiency of the evidence supporting a conviction to determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Symington,* 195 F.3d 1080, 1088–89 (9th Cir.1999). We conclude that there was sufficient evidence for the jury to find Rodriguez–Lopez guilty of both crimes beyond a reasonable doubt.

■ The crime of possession of methamphetamine with intent to distribute has three essential elements. "The government must prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed the [methamphetamine], (3)

with an intent to distribute it." *United States v. Ocampo,* 937 F.2d 485, 488 (9th Cir.1991). The essential elements of a drug conspiracy under 21 U.S.C. § 846 are an agreement to commit the unlawful act of possessing with intent to distribute a controlled substance, knowing of the conspiracy's objectives and intending to help further them. *United States v. Gil,* 58 F.3d 1414, 1423 n. 5 (9th Cir.1995).

■ Dupree testified that she agreed to meet with Rodriguez–Lopez, and that she believed that Rodriguez–Lopez would bring drugs for her to sell. Dupree also testified that Rodriguez–Lopez had asked her to sell drugs for him in the past. Ojeda testified that while on route to meet Dupree, Rodriguez–Lopez showed her a package that she believed to contain drugs. Dupree testified that Rodriguez–Lopez delivered approximately one pound of methamphetamine to her. Dupree's testimony supported the reasonable inference that she and Rodriguez–Lopez had an agreement that Dupree would sell the drugs to others. Further, Dupree testified that Rodriguez–Lopez expected her to give him back the methamphetamine or the money she received for the drugs. Based on this and other evidence in the record, we conclude that substantial evidence supports the jury's verdict.

### V

■ Rodriguez–Lopez next asserts that the district court erred under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by failing to submit the issue of the quantity of methamphetamine to the jury. "We have held repeatedly that a defendant cannot obtain relief under *Apprendi* when his sentence does not exceed the statutory maximum authorized by the jury's verdict, even if the district court determined the drug amount by a preponderance of the evidence, in-

stead of having the jury determine the amount beyond a reasonable doubt." *United States v. Saya*, 247 F.3d 929, 942 (9th Cir.2001). Rodriguez–Lopez was sentenced to 135 months imprisonment, far less then the 20 year maximum prescribed by 21 U.S.C. § 841(b)(1)(C) for crimes involving methamphetamine. Accordingly, Rodriguez–Lopez's *Apprendi* claim is devoid of merit.

## VI

 Finally, Rodriguez–Lopez asserts that the district court clearly erred in finding that he was responsible for 350 to 500 grams of methamphetamine because no drugs were ever recovered. "The district court's factual findings in the sentencing phase are reviewed for clear error, but must be supported by a preponderance of the evidence." *United States v. Scheele*, 231 F.3d 492, 497 (9th Cir.2000). "Whether the method adopted by the district court to approximate the relevant quantity of drugs is proper under the guidelines is ... reviewed de novo." *Id.* (internal quotation omitted) (ellipsis in original). Two witnesses testified at trial that Rodriguez–Lopez gave Smith between one to one and one-half pounds of methamphetamine (or approximately 453 to 679 grams). This testimony was summarized in the presentence report. The district court adopted the testimony at sentencing. The district court did not err in basing its finding of drug quantity on this testimony, nor did it clearly err in finding that Rodriguez–Lopez possessed at least 350 grams of methamphetamine.

AFFIRMED.