UNITED STATES of America,
Plaintiff—Appellee,

v.

Jesus Carlos FARIAS, Defendant—
Appellant.

No. 00–30262.
D.C. No. CR–99–00082–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided Oct. 31, 2001.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,* Senior District Judge.

MEMORANDUM **

Jesus Carlos Farias ("Farias") appeals his conviction on federal drug trafficking charges. The facts and procedural history are known to the parties and are not included herein except as necessary to explain our decision.

Farias claims (1) that the district court should have granted his motion to dismiss for violation of the Speedy Trial Act and (2) that the district court should not have refused a downward departure in sentencing for diminished mental capacity and for substantial assistance. We affirm.

I. Speedy Trial

Farias claims that his rights under the Speedy Trial Act were violated where ninety-seven days elapsed between his ini-

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tial arraignment and trial as opposed to the seventy days permitted under the Act. Farias was arraigned on the First Superseding Indictment on January 13, 2000, starting the speedy trial clock. On February 2, Farias' co-defendant filed the first of a series of pre-trial motions, many of which were not resolved until April 7, 2000. On March 20, Farias' original trial date, the government filed a Second Superseding Indictment, and trial was postponed until April 24, 2000.

■ Farias contends that the forty-six-day delay, which related to co-defendants' motions from February 2 through March 20, was unreasonably attributed to him because it prejudiced him. Delay attributable to the defendant's filing of a pretrial motion is excludable from the speedy trial clock. 18 U.S.C. § 3161(h)(1)(F) (2000). Time excluded for one defendant because of a pre-trial motion applies to all co-defendants, provided that delay is "reasonable." 18 U.S.C. § 3161(h)(7); *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir.1993). If we find it was reasonable to exclude these forty-six days from Farias' speedy trial calculations, then, even if there was no other exclusion, only fifty-four days elapsed on the speedy trial clock between January 13 and the start of trial on April 24, foreclosing his claim.

Farias cites *United States v. Hall*, 181 F.3d 1057 (9th Cir.1999), to support his argument that this type of delay is prejudicial and unreasonable. Farias' reliance on *Hall* is unpersuasive. It might be questioned whether disadvantage caused by a witness testifying against Farias, as opposed to some impediment to Farias' presentation of a defense, is legal prejudice that should be considered in assessing reasonableness. But even if the delay for Farias counts as prejudicial because of the impact of witness testimony after plea bargains, prejudice is only one factor in the reasonableness inquiry. *See United States v. Messer*, 197 F.3d 330, 337 (9th Cir.1999). "[T]he proper test is whether the *totality of the circumstances* warrants a conclusion that the delay was unreasonable." *Id.* at 338 (footnote omitted) (emphasis added).

We conclude that the delay was reasonable and that Farias' case is clearly distinguishable from *Hall* and from *Messer*.

In *Hall*, the district court granted five continuances, delaying the original trial date by eight months. 181 F.3d at 1059–60. In *Messer*, the defendant's trial was delayed for over a year. 197 F.3d at 339. Farias' trial was delayed by little more than one month.

In *Hall*, the defendant moved for severance months before trial. 181 F.3d at 1063. Farias did not ask for severance when his co-defendants filed their motions.

In *Messer*, the defendants consistently requested a speedy trial throughout the pretrial proceedings. 197 F.3d at 339. But Farias did not assert his speedy trial rights until well after the district court postponed the original trial date.

Additionally, in *Hall* a motion filed by Hall's co-defendant requested a continuance explicitly for added plea negotiations. 181 F.3d at 1062. But the motions filed by Farias' co-defendants were for discovery, suppression of evidence, or dismissal—not expressly for continuation of plea negotiations. The district court correctly attributed the delay to Farias because it was designed as a means to preserve a chance for joint trial. That purpose was not changed by later plea bargains.

Under the totality of the circumstances, the delay attributed to Farias for motions filed by his co-defendants is reasonable. Farias was not denied a speedy trial.

## II. Sentencing Issues

Farias argues that he is entitled to a departure under U.S.S.G. § 5K2.13 for diminished mental capacity. This argument is foreclosed by the fact that the district court's discretionary refusal to depart downward is not reviewable on appeal. *See* 18 U.S.C. § 3742; *United States v. Tam*, 240 F.3d 797, 805 (9th Cir.2001).

Farias also argues that the government's refusal to make a motion for downward departure for substantial assistance under U.S.S.G. § 5K1.1 was based on an unconstitutional motive, namely Farias' refusal to waive his right to appeal. While prosecutors cannot withhold a recommendation for downward departure on the basis of an unconstitutional or arbitrary motive, *United States v. Ruiz*, 241 F.3d 1157, 1168 (9th Cir.2001), here they refused to move for downward departure because Farias would not complete a plea bargain. Although this bargain included waiver of a right to appeal, this right may be validly waived by a defendant. *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). Because Farias declined to complete this plea agreement, the prosecution was not required to move to provide benefit to Farias for assistance. *See Ruiz*, 241 F.3d at 1164.

AFFIRMED.