**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Frank MONIZ, Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Alex Contreras, Defendant—Appellant.**

Nos. 02–30232, 02–30243.
D.C. Nos. CR–01–00151–a–JWS,
CR–01–00151–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 2003.

Decided Aug. 25, 2003.

Kirby A. Heller, Washington, DC, for Plaintiff–Appellee.

Joseph D. Loescher, Hugh W. Fleischer, Law Office of Hugh W. Fleischer, Gayle J. Brown, Gayle J. Brown, Attorney at Law, Shelley Chaffin, Anchorage, AK, for Defendants–Appellants.

Before PREGERSON, CANBY, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Frank Moniz challenges his conviction and sentence for violations of 21 U.S.C. §§ 841 and 846. Alex Contreras claims that the enhancement of his sentence for firearm convictions under 18 U.S.C. § 924(c) violates the Eighth Amendment's ban on cruel and unusual punishment. We affirm.

*Speedy Trial Claim*

Moniz's right to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment were not violated.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Section 3161(h)(7) of the Speedy Trial Act provides that a court shall exclude a "reasonable" period of delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Moniz's delay was caused by the district court's attempt to achieve § 3161(h)(7)'s purpose of effectuating a joint trial. Although Moniz unsuccessfully moved for a severance, he suffered no actual prejudice. *See United States v. Messer*, 197 F.3d 330, 337–38 (9th Cir. 1999). Our decision in *United States v. Hall*, 181 F.3d 1057 (9th Cir.1999), does not help Moniz because a key factor in *Hall*'s finding of unreasonableness was the fact that multiple continuances were granted to enable Hall's codefendant to negotiate a plea agreement that would result in the codefendant's cooperation with the Government. *See id.* at 1062–63. Additionally, taking into account the time for pending pretrial motions, Moniz's trial fell within the statutory timeframe. *See* 18 U.S.C. § 3161(h)(1)(F).

Nor were Moniz's Sixth Amendment speedy trial rights violated. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The seven month delay in bringing Moniz to trial was at most a "borderline" case in terms of establishing the presumptive prejudice necessary to warrant a full Sixth Amendment inquiry. *United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003). Given that this case involved a serious, complex conspiracy and the delay was not excessively long, the length of the delay does not weigh in Moniz's favor. *See id.* at 1162; *United States v. Simmons*, 536 F.2d 827, 831 n. 13 (9th Cir.1976). Further, although Moniz promptly assert-

ed his rights to a speedy trial, the Government was neither negligent nor deliberate in causing the delay. Finally, Moniz suffered no actual prejudice because video footage and testimony from others besides Ramos established Moniz's culpability. Under the circumstances, Moniz cannot establish a constitutional violation. *See Gregory*, 322 F.3d at 1163–64.

*Motion to Sever*

Moniz was not prejudiced by the evidence used at trial to convict Contreras on the gun conspiracy and gun possession counts. The jury was able to compartmentalize the evidence, as shown by its acquittal of Moniz on one of the many possession counts brought against him. There were also limiting instructions given by the court, further demonstrating the absence of prejudice. *See United States v. Vasquez–Velasco*, 15 F.3d 833, 846 (9th Cir.1994). We are not persuaded by Moniz's argument that he was prejudiced by the Government's ability, during the continuance, to secure a witness against him; by the inclusion of Singh and Ramos's testimony; and by the absence of Contreras' testimony. Moniz has failed to demonstrate the type of "clear, manifest or undue" prejudice required to reverse the district court's denial of his motion for severance. *United States v. Throckmorton*, 87 F.3d 1069, 1071–72 (9th Cir.1996).

*Motion for Continuance*

The district court did not abuse its discretion in denying Moniz's motion to continue brought on the ground that his counsel had another trial scheduled the week before Moniz's trial. Moniz's arguments are conclusory and he has offered nothing to suggest that his counsel did not have sufficient time to adequately prepare.

*See United States v. Zamora–Hernandez,* 222 F.3d 1046, 1049 (9th Cir.2000) (focusing on "the extent to which [the defendant's] right to present his case has been affected").

*Request to Cross–Examine Singh*

■ Moniz's argument that Singh's shoplifting arrests are admissible as impeachment evidence under Rule 609 is without merit because, as he admits, Singh was never actually convicted of the shoplifting charges. *See* Fed.R.Evid. 609(a) (allowing, in limited circumstances, evidence that the witness "has been convicted of a crime"). Nor would the evidence be admissible under Rule 405, as character was not an element in the charge or defense here, and the rule has no bearing on Singh's testimony. The court did not abuse its discretion in preventing Moniz from pursuing the line of questioning related to Singh's shoplifting charges.

*Moniz's Role Adjustment*

■ The district court categorized Moniz's role as "minor" rather than "minimal" under § 3B1.2 of the United States Sentencing Guidelines. The court found that "there were a number of people who, like Mr. Moniz, participated in and assisted in this conspiracy in ways that were significant but that fell short of the activities of" certain other codefendants. There was also testimony indicating that Moniz was relied upon to cook crack cocaine and that he was aware of the "scope and structure of the enterprise." U.S.S.G. § 3B1.2, cmt. (n.4). Given the extent of Moniz's involvement, the district court did not err in rejecting Moniz's request to classify him as "minimal" participant. *See United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994).

*Contreras' Sentence Enhancement*

■ We reject Contreras' claim that the enhancement of his sentence for posses-sion of a firearm pursuant to 18 U.S.C. § 924(c) constitutes cruel and unusual punishment under the Eighth Amendment. We have repeatedly held that sentences imposed under § 924(c) do not violate the Eighth Amendment. *See, e.g., United States v. Parker,* 241 F.3d 1114, 1117 (9th Cir.2001); *United States v. Martinez,* 967 F.2d 1343, 1348 (9th Cir.1992).

**AFFIRMED.**