UNITED STATES of America, Plaintiff—Appellee,

v.

Roberto RIVAS–CASTILLO, aka Antonio Rivas–Castillo, Defendant—Appellant.

No. 06–10495.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Jacki L. Ireland, U.S. Attorney's Office, Phoenix, AZ, for Plaintiff–Appellee.

James S. Park, Esq., Park Law Office, PLC, Phoenix, AZ, Erin M. Alavez, Esq., Tucson, AZ, for Defendant–Appellant.

Roberto Rivas–Castillo, Florence, AZ, pro se.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

586

MEMORANDUM **

Roberto Rivas–Castillo appeals from the 70–month sentence imposed following his jury-trial conviction for attempted illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291. We review *de novo, United States v. Vo,* 413 F.3d 1010, 1014 n. 1 (9th Cir.2005), and we affirm.

Appellant contends that the district court erroneously denied his motion to dismiss the first superseding indictment because it was filed more than 30 days after the complaint was filed in this case, in violation of 18 U.S.C. § 3161(b). We reject the Government's contention that appellant waived this contention because this contention rests solely on delay that occurred prior to making his motion to dismiss the first superseding indictment. *See United States v. Hall,* 181 F.3d 1057, 1061 (9th Cir.1999) (holding that the waiver provision of 18 U.S.C. § 3162(a) applies only to periods of delay that occur after the denial of a motion to dismiss). Because we reject the Government's waiver contention, we need not reach appellant's claim of ineffective assistance of counsel.

Our review of the record indicates that more than 30 days not excluded under 18 U.S.C. § 3161(h) elapsed between the date the complaint was filed and the date the first superseding indictment was filed. The district court therefore erred when it denied appellant's motion to dismiss the first superseding indictment. *See* 18 U.S.C. § 3162(a)(1).

Because the record allows us to do so, we proceed to review the district court's alternative conclusion that if it had been inclined to dismiss the first superseding indictment, it would have done so without

prejudice. *See United States v. Pena–Carrillo,* 46 F.3d 879, 882 (9th Cir.1995). In light of the factors set forth in 18 U.S.C. § 3162(a)(1), we agree that dismissal would have been without prejudice. For this reason, the district court's error in denying appellant's motion to dismiss the first superseding indictment was harmless. *See* Fed.R.Crim.P. 52(a).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

