

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 17-10096 |
| Plaintiff-Appellee, | 17-10320 |
| v. | D.C. No. |
| | 1:12-cr-00382-DAD-BAM-1 |
| ALFONSO HERNANDEZ, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 10, 2018**
San Francisco, California

Before: McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

Alfonso Hernandez has appealed his conviction on charges of receipt and

distribution of child pornography and his corresponding 210-month prison

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence. Hernandez argues that the district court should have dismissed the indictment against him because the 559-day period between his arraignment and trial violated the Speedy Trial Act. Further, he argues that the district court failed to make adequate findings of fact in support of its sentence. We affirm the district court in full.

## I. SPEEDY TRIAL ACT CLAIM

The Speedy Trial Act guarantees a criminal defendant a trial within 70 days of the later of his indictment or arraignment, subject to certain exclusions. 18 U.S.C. § 3161. Where the Act is violated, the remedy is dismissal of the indictment. *See* 18 U.S.C. § 3162(a)(2). However, dismissal is not automatic: "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal." *Id.*; *United States v. Brown*, 761 F.2d 1272, 1276–77 (9th Cir. 1985) (holding that defendant's "failure to move for dismissal under the Speedy Trial Act prior to trial results in waiver of the right to dismissal under it" (internal citation and alteration omitted)). Thus, the defendant bears the burden of raising his Speedy Trial Act claim in a timely motion to dismiss, or otherwise sees this argument waived.

Hernandez and his counsel chose not to file a motion to dismiss, and Hernandez's pre-trial statements and actions cannot be construed to override this

2

decision. In lieu of filing a motion, Hernandez sent an *in propria persona* letter to the district court expressing concern about the Speedy Trial Act, and then informed the court at a hearing that he wanted his counsel to seek dismissal on various non-specific constitutional grounds. The court correctly explained to Hernandez that he needed to discuss these matters with counsel, and then set a trial date. From this point forward, neither Hernandez nor his counsel so much as suggested that he would move to dismiss the indictment. As this court held in *United States v. Lam*, 251 F.3d 852, 854, 858 (9th Cir. 2001), absent a showing of deficient performance of counsel, a defendant's letters to the court and oral expression of a desire for a speedy trial are insufficient to override counsel's decision not to file a motion to dismiss the indictment. *Cf. United States v. Hall*, 181 F.3d 1057, 1060–61 (9th Cir. 1999) (concluding that the defendant preserved his speedy trial right, notwithstanding his lawyer's decision not to move to dismiss, where the defendant filed *in propria persona* a motion for substitution of counsel and a motion to dismiss). Because Hernandez waived his Speedy Trial Act claim by failing to move to dismiss the indictment in the district court, we decline to address the merits of his Speedy Trial Act claim.

## II. SENTENCING CLAIM

Hernandez also asserts that the district court failed to properly support its sentence with findings of fact.  We review the district court's sentencing decisions for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence is reviewed for reasonableness, and only a procedurally erroneous or substantively unreasonable sentence is set aside.  *Id.* at 46, 51.

As a matter of procedural due process, "a sentencing judge must explain a sentence sufficiently to communicate that a reasoned decision has been made and permit meaningful appellate review."  *United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011) (internal quotation marks omitted).  Here, the district court more than satisfied this constitutional duty, citing to eight mitigating factors that reasonably support its decision to impose a below-Guidelines sentence.  The district court's explanation was sufficient to "permit meaningful appellate review," and we are satisfied that the sentence imposed was not an abuse of discretion.  *See id.*

For the forgoing reasons, the judgment and sentence of the district court are **AFFIRMED.**