**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50198 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00378-ODW-2 |
| v. | |
| TOMARI AHMON CASELLAS, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50209 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00378-ODW-4 |
| v. | |
| RICHARD DANELLE DURDEN, AKA Daniel, AKA Richard Durden, AKA John Jones, AKA Malik R. Kirkland AKA John Mack, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted January 14, 2021**

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,*** District Judge.

Tomari A. Casellas and Richard D. Durden were convicted and sentenced for their involvement in a fraudulent identification scheme. Casellas was convicted of conspiracy to commit access device fraud and of aggravated identify theft based on that conspiracy. 18 U.S.C. §§ 1029(b)(2), 1028A. Durden was also convicted of those offenses, along with two counts of access device fraud, 18 U.S.C. § 1029(a)(2), and two additional counts of aggravated identify theft. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

1. The district court did not violate Casellas's speedy trial rights. Although the Speedy Trial Act generally requires a defendant to be tried within seventy days of his initial appearance or indictment, 18 U.S.C. § 3161(c)(1), it excludes from this period reasonable continuances granted to a codefendant, *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (discussing 18 U.S.C. § 3161(h)(6)). The reasonableness inquiry turns on the totality of the circumstances, including

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1] Because the parties are familiar with the facts of this case, we do not discuss them at length here.

whether a continuance is needed to preserve the possibility of a joint trial. *Id.* Such was the case here. In stipulating to the challenged continuances, a codefendant stated that her counsel needed more time to familiarize herself with recent and voluminous discovery. Unless the court wanted that party to proceed unprepared, it had two choices: sever or continue the trials. Since severances are disfavored in conspiracy cases, *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011), and no party requested one, the court reasonably decided to grant the continuances.

Casellas protests that the delay was really aimed at allowing the codefendant to avoid a joint trial. He likens his case to *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999), where we found unreasonable a continuance premised on allowing a codefendant to complete plea negotiations. Here, however, the delay allowed the codefendant to prepare for trial in case "a pretrial resolution does not occur." It does not matter that she wound up pleading guilty; the continuances preserved the "*possibility*" of joint proceedings. *United States v. Messer*, 197 F.3d 330, 338 (9th Cir. 1999) (emphasis added); *see also Lewis*, 611 F.3d at 1178. Moreover, the court had released Casellas on bond well before granting the opposed continuances, which further supports finding that they were reasonable. *See, e.g.*, *Messer*, 197 F.3d at 340.

2. The district court properly instructed the jury on the elements of the

conspiracy's object, access device fraud. Because Casellas jointly proposed the instructions, he waived challenging them on appeal. *See United States v. Cain*, 130 F.3d 381, 383-84 (9th Cir. 1997); *see also United States v. Guthrie*, 931 F.2d 564, 567 (9th Cir. 1991). And, in any event, the court did provide the jury with access device fraud's elements, albeit in its instructions concerning Durden's charges for that crime. The placement of an instruction elsewhere does not render the instructions erroneous, so long as the jury would have understood them on the whole. *See United States v. Moran*, 493 F.3d 1002, 1009 (9th Cir. 2017); *see also* 9th Cir. Model Crim. Jury Instr. 8.20 cmt. (2019) (directing courts to provide the jury with the elements of the conspiracy's object "if other jury instructions do not"). Taken together, the instructions here apprised the jury of the necessary information.

3. Sufficient evidence supported Durden's convictions for aggravated identify theft, which requires the defendant to have known that the fraudulent "means of identification at issue belonged to another person." *Flores-Figueroa v. United States*, 556 U.S. 646, 657 (2009) (discussing 18 U.S.C. § 1028A). When Durden applied for and opened a jewelry-store credit card under a victim's name, he supplied the store with the victim's social security number, address, birthdate, and employment information. A rational juror could have inferred that Durden would not have applied for and expected approval of his application unless the

information he provided was real. In addition, several recordings of Durden's phone calls with Casellas indicate that Durden possessed the requisite knowledge of his victims. For example, he mentioned that there were "no victims" when he applied for another card on a separate occasion, as "they cancelled the card before it got to the dude."

4. Finally, we reject Durden's double jeopardy challenge to his convictions for aggravated identify theft. 18 U.S.C. § 1028A punishes the use of another's means of identification "during and in relation to" certain predicate offenses. Arguing that the evidence tied him to only two uses of someone else's identification, Durden asserts that one of his three § 1028A convictions was multiplicitous, even if there were three distinct predicate offenses. He cites no controlling authority in support of this argument, however. Thus, even assuming that the district court erred, it did not do so plainly.[2] *See United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015).

**AFFIRMED.**

---

[2] Because we affirm Durden's § 1028A convictions on plain-error grounds, we need not address whether, as the government argues, the trial evidence established that he had used another's means of identification on other occasions.