11-5057-cr
United States v. Wilson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: February 11, 2013      Decided: February 22, 2013)

Docket No. 11-5057-cr

UNITED STATES OF AMERICA,

*Appellee*,

— v. —

ISABEL WILSON,

*Defendant - Appellant*.

B e f o r e:

HALL, LYNCH, and CARNEY, *Circuit Judges*.

Defendant-Appellant Isabel Wilson was convicted by a jury on charges stemming from an identity theft scheme. In a separate summary order filed along with this opinion, we address and reject several of Wilson's attacks on her conviction. This opinion addresses Wilson's conviction under 42 U.S.C. § 408(a)(7)(A), which criminalizes the use of social security numbers that were assigned on the basis of false information.

Because the government failed to prove that Wilson's social security number was so assigned, we reverse her conviction for violating that statute and remand to the district court for resentencing.

AFFIRMED in part, REVERSED in part, VACATED and REMANDED.

---

THEODORE S. GREEN, Green & Willstatter, White Plains, New York, *for* Defendant-Appellant Isabel Wilson.

DOUGLAS B. BLOOM, Assistant United States Attorney (Jennifer G. Rodgers, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

PER CURIAM:

Defendant-Appellant Isabel Wilson was convicted by a jury in the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*) on charges stemming from an identity theft scheme. On appeal, Wilson raises a number of arguments, most of which we reject in a separate summary order filed along with this opinion. This opinion deals with Wilson's conviction under 42 U.S.C. § 408(a)(7)(A), which criminalizes the use of social security numbers assigned on the basis of false information. We find that the government failed to prove an element of the offense, namely, that the social security number was assigned on the basis of false information. We therefore AFFIRM Wilson's conviction on all charges except Count Five, REVERSE her conviction on that count, VACATE the judgment of the district court and REMAND the case for resentencing.

## BACKGROUND

Because Wilson appeals from a judgment of conviction entered after a jury trial, the following facts are drawn from the trial evidence and described in the light most favorable to the government. United States v. Bahel, 662 F.3d 610, 617 (2d Cir. 2011).

In 1972, Isabel Wilson, who was then known by her maiden name Isabel Beatrice Freeman, applied for a social security number ("SSN"). The application listed her date of birth as June 8, 1952 and her place of birth as Careysburg, Liberia. The government does not contend that any of the information provided on that application was false. Based on that application, the Social Security Administration ("SSA") assigned Wilson an SSN ending in 5541.

In 1979, Wilson asked the SSA to change its record for the number ending in 5541 to reflect her marital name, Isabel Wilson. On that occasion, Wilson stated that she was born in Monrovia, Liberia, a city approximately 28 miles from Careysburg. The application also identified Wilson's mother as Nancy Wordsworth, whereas the previous application had identified her mother as Eugenia Stevenson Wardsworth. Despite these minor discrepancies, the government does not contend that any information on the name-change application was false. Although the SSA's records were changed to reflect the information provided on that application, Wilson continued to be assigned the same SSN ending in 5541.

In 1990, Wilson applied for a duplicate Social Security card. Although her application still listed her date of birth as June 8, 1952, it stated that Wilson was born in

3

North Carolina, the daughter of Elizabeth Kennedy and David Freeman. Social Security records were again updated to reflect these changes, but Wilson continued to be assigned the same SSN ending in 5541 that she had first been assigned in 1972.

On December 7, 2009, a criminal complaint was filed in the United States District Court for the Southern District of New York, charging Wilson with one count of access device fraud in violation of 18 U.S.C. § 1029(a)(5), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. Secret Service agents arrested Wilson the next day at her home. Following her arrest, a Deputy United States Marshal interviewed Wilson to collect her pedigree information. When asked for her SSN, Wilson accurately provided the marshal her assigned SSN ending in 5541.

The government eventually obtained a superseding indictment, adding seven new counts to the two charges included in the original criminal complaint. Count Five of that indictment charged that Wilson provided to the United States Marshal Service, "which was collecting her pedigree information, a Social Security number that she received as a result of an application for a Social Security number in which she had falsely stated that she was born in the United States." The government contends that Wilson's conduct fell within the ambit of 42 U.S.C. § 408(a)(7)(A). We disagree.

## DISCUSSION

Section 408(a)(7)(A) makes it an offense "willfully, knowingly, and with intent to deceive, [to] use[] a social security account number, assigned by the Commissioner of Social Security (in the exercise of the Commissioner's authority under section 405(c)(2)

4

of this title to establish and maintain records) on the basis of false information furnished to the Commissioner of Social Security."

We review *de novo* questions of statutory interpretation. United States v. Al Kassar, 660 F.3d 108, 124 (2d Cir. 2011). To interpret a criminal statute, we first look to its text, United States v. Reich, 479 F.3d 179, 187 (2d Cir. 2007), and identify the essential elements of the offense, see, e.g., Canada v. Gonzales, 448 F.3d 560, 572-73 (2d Cir. 2006) (identifying essential elements of various criminal offenses).

Applying these principles to section 408(a)(7)(A), we find that to sustain a conviction under the statute, the government must prove (1) that the defendant willfully and knowingly used a social security account number; (2) that she did so "with intent to deceive"; (3) that the SSN was assigned on the basis of false information provided to the Commissioner by her or by any other person; and (4) that the defendant knew that the SSN had been assigned based on false information. 42 U.S.C. § 408(a)(7)(A).

We have some doubt whether truthfully providing one's accurate SSN to a United States Marshal who requested it as part of a routine pedigree interview constitutes a "use" of the number within the meaning of the statute, let alone that Wilson could be found, beyond a reasonable doubt, to have intended to deceive when she accurately provided the exact information for which she was asked. We may assume without deciding, however, that these elements of the offense were proven, because we conclude that the government unquestionably failed to prove that the SSN was *assigned* to Wilson, as the statute requires for conviction, on the basis of false information. Wilson was assigned the SSN

5

ending in 5541 in 1972, on the basis of an application no part of which the government alleges to have been false. Although Wilson's subsequent applications to the SSA resulted in changes in her Social Security file and her receiving a new social security card, no new number was ever assigned to her. To the extent that Wilson provided false information about her birthplace in connection with her application for a replacement card in 1990, as alleged in the indictment, any such falsehood did not result in the assignment of the SSN that Wilson provided to the marshal.

The government argues that Wilson's false statement about being born in the United States resulted in the entry of false information into the files of the SSA, and notes the reference in section 408(a)(7)(A) to the "Commissioner's authority . . . to establish and maintain records." But the reference to the basis of the Commissioner's authority to request certain information does not affect or modify in any way the conduct defined as criminal by the statute: the use of an SSN that was assigned on the basis of false information. Wilson was not charged with providing false information to the SSA in 1990 – and could not have been, since any such offense long pre-dated the applicable limitations period. She was charged, rather, with using, during the interview with the marshal in 2009, with intent to deceive, an SSN that had been *assigned* on the basis of false information. Wilson's SSN was assigned in 1972, on the basis of information that the government concedes, for purposes of this case, was entirely accurate.

Because the government failed to prove a material element of the offense, we reverse Wilson's conviction on Count Five of the indictment. Although Wilson argues

that reversal on this count requires a new trial as to all counts, we disagree. This count was so minor that Wilson's conviction on its elements presented no cognizable threat of unfair prejudice to her on the other counts on which she was tried. We remand the case to the district court for resentencing.

## CONCLUSION

For the foregoing reasons, and for those set forth in the accompanying summary order, we REVERSE appellant's conviction on Count Five, AFFIRM her convictions on all other counts of the indictment, VACATE the judgment of the district court and REMAND the case for resentencing.