12-1172-cr
United States v. Miguel Guerrero

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

PRESENT: DENNIS JACOBS,
         CHESTER J. STRAUB,
                     <u>Circuit Judges</u>,
         WILLIAM F. KUNTZ,
                     <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        <u>Appellee</u>,

        -v.-                                    12-1172-cr

Reuben Alvarez, Alfred Glover, Douglas
Bond,Victor Tavarez,
        <u>Defendants</u>,

---

\* The Honorable William F. Kuntz, of the United States District Court for the Eastern District of New York, sitting by designation.

1

**MIGUEL GUERRERO**

       **Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                Kim P. Bonstrom, Bonstrom & Murphy, Shelter Island, NY.

**FOR APPELLEE:**                Brent S. Wible, Assistant United States Attorney, for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Holwell, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Miguel Guerrero appeals the judgment convicting him of conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine and at least fifty grams of crack, in violation of 21 U.S.C. § 846.[1]  He was sentenced in the U.S. District Court for the Southern District of New York (Holwell, J.) to 240 months' imprisonment.  Guerrero appeals on the grounds that (1) he was denied his statutory and constitutional rights to a speedy trial, and (2) the district court improperly admitted evidence.  We assume the parties' familiarity with the

---

[1]  The Government did not proceed on the crack cocaine aspect of this conspiracy charge at trial.

underlying facts,[2] the procedural history, and the issues presented for review.

**A.** The Speedy Trial Act mandates that the trial of a criminal defendant commence "within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under [the Speedy Trial Act]." 18 U.S.C. § 3162(a)(2); see also United States v. Abad, 514 F.3d 271, 274 (2d Cir. 2008) (per curiam).

Guerrero concedes that "no pre-trial motion to dismiss on speedy trial grounds was made." Appellant's Br. 15. He argues that he should be deemed to have preserved this claim because (1) at least one co-defendant in the case asked his attorney to file a Speedy Trial Act motion to

---

[2] "Because [Guerrero] appeals from a judgment of conviction entered after a jury trial, [the] facts are drawn from the trial evidence and described in the light most favorable to the government." United States v. Wilson, 709 F.3d 84, 85 (2d Cir. 2013) (per curiam); accord United States v. Rosen, 716 F.3d 691, 694 (2d Cir. 2013).

dismiss, and (2) Guerrero argued to the district court post-trial that his own counsel had been ineffective for failing to file such a motion on Guerrero's behalf. Appellant's Br. at 15 & n.6. He cites two Ninth Circuit cases, United States v. Lloyd, 125 F.3d 1263 (9th Cir. 1997), and United States v. Hall, 181 F.3d 1057 (9th Cir. 1999), for the proposition that "a defendant may preserve his statutory right to dismissal by alerting the court directly of his desire not to waive those rights" where defense counsel does not file a motion to dismiss. Appellant's Br. 16.

Although Lloyd and Hall "treated a defendant's own pretrial assertions of his speedy trial rights as adequate to preserve those rights on appeal," Hall, 181 F.3d at 1060, neither case suggests that those rights may be preserved by asserting them post-trial or by a co-defendant's pre-trial suggestion to counsel that such a motion be filed.

Guerrero filed no pre-trial Speedy Trial Act motion to dismiss or took any step pre-trial to preserve those rights. Accordingly, this claim is waived. See § 3162(a)(2); Abad, 514 F.3d at 274; Hall, 181 F.3d at 1060.

We also deny Guerrero's claim that his trial counsel was constitutionally ineffective for failing to file a pre-

4

trial motion to dismiss under the Speedy Trial Act, <u>see</u> Appellant's Br. 17, because no violation of that statute occurred. <u>See, e.g.</u>, <u>United States v. Regalado</u>, 518 F.3d 143, 149 n.3 (2d Cir. 2008)("[F]ailure to make a meritless argument does not amount to ineffective assistance.") (quotation marks omitted).[3]

**B.** Guerrero argues that the interval between his arrest and trial violated his Sixth Amendment right to a speedy trial.

"[F]our factors . . . must be considered in analyzing whether a defendant's constitutional right to a speedy trial has been violated: **(1)** the length of the delay; **(2)** the reasons for the delay; **(3)** whether the defendant asserted his right in the run-up to the trial; and **(4)** whether the

---

[3] As explained in the Government's briefing, only 69 days – not 168 as Guerrero contends - of non-excludable time elapsed from Indictment to trial. <u>See</u> Appellee's Br. 12-17. Guerrero does not argue that the district court failed to properly invoke 18 U.S.C. § 3161(h)(7)(A) when excluding time "in the interests of justice" to grant the parties sufficient time to review discovery, engage in plea negotiations, or prepare pretrial motions. Rather, Guerrero merely omits from his calculation a number of oral orders excluding time that do not appear as individual entries on the district court's docket. The Government has supplied transcripts of the pre-trial proceedings that verify the calculations provided in its brief. <u>See</u> Appellee's Br. 12-17.

defendant was prejudiced by the failure to bring the case to trial more quickly." United States v. Cain, 671 F.3d 271, 296 (2d Cir. 2012) (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)). "These factors 'must be considered together with such other circumstances as may be relevant,' and 'have no talismanic qualities.'" Id. (quoting Barker, 407 U.S. at 533). "Rather, they require courts to 'engage in a difficult and sensitive balancing process.'" Id. (quoting Barker, 407 U.S. at 533).

1. The length of delay "is in effect a threshold question: 'by definition, [a defendant] cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness.'" Id. (quoting Doggett v. United States, 505 U.S. 647, 652, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992)). Guerrero cites the nearly 29-month delay between his Indictment and the commencement of his trial. However, given the nature of this conspiracy prosecution, with multiple defendants, allegations spanning multiple years and states, and voluminous discovery, including thousands of intercepted phone calls (many in Spanish), the delay here weighs only

modestly in Guerrero's favor.  Cf. id. (holding that a 22-month delay was "particularly understandable" and "largely neutral" with respect to the first Barker factor, "given the presence of multiple defendants, the large number of allegations and the complexity of the" charges and evidence).

2.  As Guerrero concedes, "the reason for the delay . . . favors neither Guerrero nor the government, as both sides consented to repeated adjournments for the stated purposes of conducting discovery and 'consider[ing] any motions.'"  Appellant's Br. 21-22.  Thus, this factor does not support Guerrero's claim.

3.  Because Guerrero failed to invoke his speedy trial rights pre-trial, that consideration favors the Government.

4.  Under Barker, prejudice should be assessed in light of three interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."  Barker, 407 U.S. at 532.  "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."  Id.

7

Guerrero claims he was prejudiced in two ways. First, he states that the years of pre-trial incarceration were oppressive and anxiety-inducing, Appellant's Br. 23, an assertion that is undermined by his failure to complain pre-trial. See Barker, 407 U.S. at 531 ("The more serious the deprivation, the more likely a defendant is to complain."). And although some prejudice may be presumed based on the length of delay, "presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other Barker criteria." Doggett, 505 U.S. at 656.

Second, Guerrero claims that "but for the prolonged delay, co-defendant-turned-cooperating-witness Victor Tavarez would not have been available to provide devastating evidence against Guerrero." Appellant's Br. 23. Even if true, "this is not the sort of prejudice contemplated by Barker's fourth factor." Abad, 514 F.3d at 275. As we have explained,

> [Barker] prejudice is concerned with impediments to the ability of the defense to make its own case (e.g., if defense witnesses are made unavailable due to the government's delay); the opportunity for

the prosecution to prepare for trial does not, on its own, amount to prejudice to the defense.

Id. (citing Barker, 407 U.S. at 532); see also, e.g., United States v. Toombs, 574 F.3d 1262, 1275 (10th Cir. 2009) (concluding that a delay that permitted the government to "procure the testimony of [a] co-defendant and the primary witness against him [was not prejudicial] . . . in the sense envisioned by the Barker analysis").

Thus, Guerrero suffered little, if any, prejudice from the delay in proceeding to trial.  In light of Guerrero's weak showing on every other Barker factor, the delay – almost entirely excusable and due often to the understandable needs of Guerrero's counsel - did not amount to a violation of the Sixth Amendment.

**C.**  Guerrero challenges the admission of the following evidence: **(1)** Guerrero's wounding in a drug-related shooting; and **(2)** Guerrero's arrest in North Carolina in 2002 while driving a car with methamphetamine stashed in a hidden compartment (a "trap").

**1.   The Shooting Evidence**.  The Government introduced, over Guerrero's objection, evidence that in April 2006 he

9

was shot on a highway in Pennsylvania and robbed of twenty kilograms of cocaine. Guerrero characterizes this as irrelevant and inflammatory "other acts" evidence under Federal Rule of Evidence 404(b). However, the evidence was admitted as direct evidence of the charged conspiracy, so the strictures of Rule 404(b) have no bearing on admissibility. Cf. United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) ("[E]vidence of uncharged criminal activity is not considered other crimes evidence under [Rule] 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial.").

Guerrero also objects on the ground that its "probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Prejudice is "unfair" only if it "involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." Perry v. Ethan Allen, Inc., 115 F.3d 143, 151 (2d Cir. 1997) (citation omitted). Given a trial court's "broad discretion to balance the evidence's

10

potential prejudice to the defendant against its probative value," our "review [of] the district court's judgment regarding the admissibility of a particular piece of evidence under [Rule] 403, [] generally 'maximize[s] its probative value and minimize[s] its prejudicial effect.'" United States v. Downing, 297 F.3d 52, 59 (2d Cir. 2002) (citation and internal alteration omitted)).

We see no abuse of discretion in the district court's decision to admit this evidence, which consisted of an officer's testimony about his investigation of the shooting, including his search of telephones recovered from in and around Guerrero's van, as well as wiretap recordings in which Guerrero discussed capturing the robber and turning him over to the supplier to satisfy his debt to the supplier. The evidence was highly probative of the fact that Guerrero conspired to smuggle drugs in the manner that the Government alleged, and "explain[ed] why the Government . . . never caught Guerrero himself with drugs, a fact that the jury might otherwise have found significant." Appellee's Br. 42-43. Nor was it "needlessly cumulative," Appellant's Br. 39, in light of the testimony of Victor Tavarez: it corroborated Tavarez's testimony, and therefore

11

reinforced his credibility (which Guerrero attacked throughout trial), while also adding "evidentiary depth" to the Government's case-in-chief.  See Old Chief v. United States, 519 U.S. 172, 190 (1997).

Finally, Guerrero argues that the fact that he was shot should have been excluded under Rule 403 because it "left the jury free impermissibly to infer . . . that Guerrero participated in a conspiracy in which wanton violence was an accepted way of conducting business."  Appellant's Br. 43. The Government, however, never accused Guerrero of committing any acts of violence.  In any event, such an inference would not be unfair or impermissible: Guerrero trafficked in vast quantities of cocaine through many states, even after being shot and robbed, and wanted to turn a traitorous associate over to his dealer in payment of a debt.  Guerrero's counsel did not even request a limiting instruction to preclude the jury from making this "impermissible" inference, "indicat[ing] counsel's own difficulty in finding any prejudice."  United States v. Canniff, 521 F.2d 565, 572 (2d Cir. 1975).

**2.  The Arrest Evidence.**  Finally, Guerrero objects to the introduction of testimony and photographs regarding his

2002 arrest in North Carolina while driving a car with methamphetamine stashed in a trap.

Although Rule 404(b) prohibits admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted [in conformity therewith]," it expressly allows the admission of such evidence as proof of knowledge and intent. Fed. R. Evid. 404(b). This Court "has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004) (per curiam). Absent abuse of discretion or "arbitrary and irrational" action by the district court, its decision to admit evidence pursuant to Rule 404(b) will be affirmed. United States v. Lombardozzi, 491 F.3d 61, 78 (2d Cir. 2007).

To determine whether other act evidence was properly admitted, we consider "whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an

13

appropriate limiting instruction to the jury if so requested by the defendant."  LaFlam, 369 F.3d at 156.

The evidence of Guerrero's arrest was admitted under Rule 404(b) as evidence of his intent to join the charged conspiracy,[4] which is a proper purpose under Rule 404(b).  See United States v. Ramirez-Amaya, 812 F.2d 813, 817 (2d Cir. 1987).  Guerrero claims that his defense case did not place the issue of intent in dispute, but his own submissions indicate otherwise.  See Appellant's Br. 46 (quoting Guerrero's motion in limine: "he anticipates arguing that he understood what his buyers intended to do, but did not share their intent to distribute cocaine").  Given Guerrero's concession that he sold cars and trucks outfitted with traps to persons whom he knew to be engaged in drug distribution, intent to join the conspiracy was the decisive issue.  See Monaco, 194 F.3d at 386.

Nor was the arrest evidence "needlessly cumulative" or otherwise inadmissible under Rule 403.  The evidence spoke directly to Guerrero's intent, and also served to

---

[4]     To prove its conspiracy charge, the Government had to show that Guerrero "agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and that an overt act in furtherance of the conspiracy was committed."  United States v. Monaco, 194 F.3d 381, 386 (2d Cir. 1999) (internal quotation marks omitted).

14

corroborate Tavarez's testimony implicating Guerrero in the transport of controlled substances using traps. Because the arrest evidence was of the same general character as the charged offense, any prejudice accruing from it to Guerrero was not unfair under Rule 403 - particularly in light of the district court's limiting instruction. Accordingly, it was not an abuse of the district court's broad discretion to admit the arrest evidence.

Even if the District Court did err in admitting the arrest evidence, any error was harmless given the strength of the Government's case. See United States v. Madori, 419 F.3d 159, 168 (2d Cir. 2005) ("A district court's decision to admit evidence is subject to harmless error analysis."). In conducting harmless error review, we consider the following factors: "(1) the overall strength of the prosecution's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted [evidence]; and (4) whether such evidence was cumulative of other properly admitted evidence." United States v. Kaplan, 490 F.3d 110, 123 (2d Cir. 2007) (internal citations omitted). We have repeatedly held that the strength of the government's case is the most critical factor in assessing whether error was

harmless. See, e.g., United States v. Lombardozzi, 491 F.3d 61, 76 (2d Cir. 2007).

Here, although the Government made use of the arrest evidence during summation and rebuttal, the case against Guerrero was indisputably strong. Tavarez provided extensive testimony about Guerrero's participation in the conspiracy, including his central role in organizing the trafficking of dozens of kilos of cocaine. Several of Guerrero's recorded conversations with co-conspirators were heard by the jury. Notably, Tavarez's explanation of the shooting was substantiated by a wiretap recording from after the shooting in which Guerrero proposes capturing the robber and turning him over to his supplier in order to satisfy his debt. Additionally, the jury heard evidence that law enforcement officers seized a Honda Civic outfitted with a trap holding 5 kilos of cocaine, which Guerrero said on a taped call belonged to him. Guerrero's defense did nothing to call into question this damaging evidence. Finally, the district court gave a limiting instruction that the arrest evidence could not be used to show inherent character or propensity to crime. Given the weight of the evidence against Guerrero and the limiting instruction we can "conclude with fair assurance" that the introduction of the arrest evidence "did not substantially influence the jury."

United States v. McCallum, 584 F.3d 471, 477-78 (2d Cir. 2009) (internal citations omitted).

## Conclusion

For the foregoing reasons, and finding no merit in Guerrero's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk