United States v. Graham

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of April, two thousand eighteen.

Present:     JOHN M. WALKER, JR.,
            ROSEMARY S. POOLER,
                        *Circuit Judges*.
            DENISE COTE,[1]
                        *District Judge*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                          16-3864

CLYDEDORO GRAHAM,

                    *Defendant-Appellant*.[2]

_____

Appearing for Appellant:     Lawrence Gerzog, New York, N.Y.

Appearing for Appellee:     Douglas S. Zolkind, Assistant United States Attorney (Kathryn Martin, Daniel B. Tehrani, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

---

[1] Judge Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of Court is respectfully ordered to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Roman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Clydedoro Graham appeals from the October 27, 2016 judgment of the United States District Court for the Southern District of New York (Roman, *J.*). A jury found Graham guilty of three counts under 18 U.S.C. § 1594(c) (Conspiracy to Commit Sex Trafficking), 18 U.S.C. § 1594(a) (Attempted Sex Trafficking), and 18 U.S.C. § 1201(a) (Kidnapping). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Graham raises two issues on appeal. First, he argues that the district court erred in denying his motion to suppress statements made to the police. "On appeal from a challenged suppression order, we review a district court's findings of fact for clear error, and its resolution of questions of law and mixed questions of law and fact de novo." *United States v. Bohannon*, 824 F.3d 242, 247-48 (2d Cir. 2016) (emphasis omitted), *cert denied*, 137 S. Ct. 628 (2017). Additionally, "[b]ecause [Graham] appeals from a judgment of conviction entered after a jury trial, the . . . facts are drawn from the trial evidence and described in the light most favorable to the government." *United States v. Wilson*, 709 F.3d 84, 85 (2d Cir. 2013).

The court did not err when it determined that Graham's Fifth Amendment rights were not violated during his custodial interrogation. The parties agree that Graham was in custody at the time of his interrogation by Detective Cartagena, but Graham and Detective Cartagena offered conflicting accounts of what took place in the interrogation room. Specifically, Officer Cartagena testified that he read Graham his *Miranda* rights immediately after introducing himself, that he read the rights from a *Miranda* card that was then signed by both Graham and himself with a date and time, and that he immediately ceased questioning Graham at the moment Graham first asked for an attorney. Graham recounted a very different version of the interview. In Graham's version of events, he asked for a lawyer immediately upon entering the interrogation room, Detective Cartagena never read him his *Miranda* rights, and it was not his signature on the *Miranda* card. The court was thus forced to make a credibility determination regarding the witnesses and determined that Graham's testimony was "not credible," based on both his assessment of Graham's testimony and the comparison of handwriting samples regarding the *Miranda* card. Supp. App'x at 133. The court also explicitly credited the testimony of Detective Cartagena. *Id*.

"When a district court's factual finding is based upon a credibility determination, we are mindful that particularly strong deference should be granted to the finding in light of the factfinder's unique ability to assess the witness." *Ortega v. Duncan*, 333 F.3d 102, 107 (2d Cir. 2003) (internal quotation marks omitted) (quoting *United States v. Mendez*, 315 F.3d 132, 135 (2d Cir. 2002)). In *Ortega*, we found clear error in the district court's credibility finding, when it "focus[ed] exclusively on the credibility of [the witness'] recantation and, in so doing, [did] not give proper weight to the other evidence of [the witness'] perjury" at trial. *Id.* at 108. In discrediting Graham's testimony, the district court made a holistic determination based upon conflicting witness statements and the physical evidence of the signatures. There is no basis to

find clear error in the court's credibility determination. Accordingly, we affirm the district court's decision on the second set of statements made during Graham's custodial interrogation.

Any other errors made by the district court regarding the suppression motion would have been harmless and should therefore be "disregarded" on review. *See* Fed. R. Evid. 103(a); Fed. R. Crim. P. 52(a). "Under harmless error review, we ask whether we can conclude with fair assurance that the errors did not substantially influence the jury." *United States v. Oluwanisola,* 605 F.3d 124, 133 (2d Cir. 2010) (quoting *United States v. Ivezaj*, 568 F.3d 88, 98 (2d Cir. 2009)) (internal quotation marks omitted). Given the overwhelming evidence presented at trial, which we must review in the light most favorable to the government because this appeal follows a jury conviction, *Wilson*, 709 F.3d at 85, we determine any legal error would have been harmless. The government presented testimony from the victim herself, as well as co-conspirator Alisa Papp. The government presented numerous text messages between Graham and other co-conspirators discussing the trickery and measures taken to force the victim to remain in the apartment. For example, the doorknob had been removed so she could not escape the apartment. Further, the statements made by Graham at his apartment and at the police station were all exculpatory, rather than potentially inculpatory. Accordingly, any errors would have been harmless because Graham's statements could not have "substantially influence[d] the jury." *Oluwanisola,* 605 F.3d at 133.

Graham's second argument on appeal is that the district court erred in not permitting him to elicit hearsay testimony from a defense witness during redirect. We review evidentiary decisions made by the district court for an abuse of discretion and will reverse only if there was "manifest error" in the judgment of the court. *United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010) (quoting *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010)). Absent an exception to the general rule, hearsay is not permitted in trial testimony. *See* Fed. R. Evid. 802 ("Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court."). Graham appears to suggest that the government "opened the door" to the admission of hearsay through its cross-examination, but the door only "opens" for the purpose of admitting inadmissible evidence in order to cure the admission of other inadmissible evidence. *See United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993) ("To be admissible under this doctrine, the evidence that allegedly 'opened the door' must in fact have been inadmissible. Properly admitted evidence does not open the door to inadmissible evidence."). Because Graham does not challenge the admissibility of the government's cross-examination, the attempted hearsay testimony could not have fit this exception to the general rule. It was therefore proper for the court to exclude it during trial.

We have considered the remainder of Graham's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3